SAMUEL KROOP, PLAINTIFF-RESPONDENT, v. AMADEO
SCALA AND ANTONIO LEONE, DEFENDANTS-APPEL-
LANTS.

Submitted May term, 1926—Decided November 11, 1926—Filed
January 5, 1927.

Contracts—Contract For the Performance of Labor and the
Supply of Materials in Painting Defendant's House—Defend-
ant Leone Contracted to Build House For Defendant Scala,
and Agreed With Plaintiff to do the Painting—Scala, After
Work was Partly Finished, Refused to Allow Plaintiff to
Continue—After Notice to Both Defendants to Allow Work
to Continue, Suit was Brought in District Court and Judg-
ment For Plaintiff—Held, That There was Ample Evidence
of Contract, That it was Not Necessary, as Defendants
Averred, to Call Either Police Protection or Institute Chan-
cery Proceedings—Sufficient Evidence to Justify Finding of
District Court.

On appeal from the District Court of Perth Amboy.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the defendants-appellants, *Karkus & Karkus.*

For the plaintiff-respondent, *Jacob M. Klein.*

PER CURIAM.

This is an appeal from a judgment of the District Court of
the city of Perth Amboy, rendered in favor of the plaintiff
below (hereinafter referred to as the plaintiff). Amadeo
Scala entered into a contract with Antonio Leone for the
erection of a house upon land belonging to Scala in the city
of Perth Amboy. The contract between Scala and Leone re-
quired that the house be painted. Leone entered into a con-
tract with the plaintiff to do the painting required under his
contract with Scala. The agreed price was $1,025. The
plaintiff proceeded to clean up the interior of the house, pre-
paratory to painting it. He sandpapered the inside. He

primed the outside.  He bought a supply of white lead and oil. While he was doing this work Scala informed him that he was a shoemaker and not a painter.  The plaintiff quit work. He went to Leone and told him what Scala had said.  Leone told the plaintiff to go back to work, lock the doors of the house, and keep Scala out of it.  The plaintiff returned to the house.  Scala approached him and told him that if he went into the house to work he would cut his head off.  Scala waived his arms and became highly excited.  The plaintiff left the premises.  He then caused to be served on Scala and Leone notices to the effect that unless they would permit him to continue with the work he would hold them responsible for the loss of profit on the contract.  When Scala was served with the notice he stated to the constable who served him that the plaintiff could not work on the job.

The plaintiff then instituted the present action to recover his loss of profits.  The plaintiff testified that it would take one man fifty days to do the work.  This made the labor cost $500.  The materials would cost $190.  The plaintiff testified that he had lost a profit of $336.  Scala contended at the trial that he was dissatisfied with the color that the plaintiff was to use. The plaintiff denied that he gave Scala any color samples. He testified that the work had not progressed sufficiently at the time of Scala's action to make a final selection of the colors.  This, in substance, is the evidence set forth in the state of the case which was agreed upon by the attorneys of the respective parties.

The court, after considering the testimony, gave judgment for the plaintiff in the sum of $395.61 damages, and costs. From this judgment the defendants have appealed.

The first ground urged by the appellants for a reversal is that the court erred in concluding that a contract existed between the plaintiff and Leone, which was broken by the defendants.  On this question there was ample evidence to justify the court in holding that the contract for the work had been made between the plaintiff and Leone.  We do not, however, gather from the record that the gravamen of the complaint is that this contract was breached.  The claim of the plaintiff

is that he was prevented by the interference of Scala from performing the contract, and that it was the duty of Leone who had made the contract with him to afford him the opportunity to perform it. Judgment was given against both defendants. Upon this theory of the case we feel that the evidence submitted to the court justified the court in finding as it must have done to arrive at the decisions which it made that a contract did exist between the plaintiff and Leone, and that Scala prevented the plaintiff from performing his contract, and that Leone, who was under duty to see that the plaintiff had access to the house, had failed to perform this obligation.

The second contention of the appellants is that the plaintiff could have avoided the damage which he sustained by the exercise of reasonable diligence. The reasonable diligence appears from the brief of the appellants to be the obtaining of police protection or a restraining order from the Court of Chancery to prevent Scala from interfering with the performance of the plaintiff's contract. We are not impressed with this argument. We are of the opinion that it was the duty of Scala to afford the plaintiff an opportunity to enter upon the premises and perform his contract. The plaintiff was not obliged to either call for police protection or institute proceedings in the Court of Chancery for an injunction against Scala. From the evidence submitted we are of the opinion that the court was justified in holding as it must have done that there was sufficient evidence of Scala's interference with the plaintiff to justify the plaintiff in failing to proceed with the work. It was also the duty of Leone to afford the plaintiff an opportunity to perform his contract. The evidence shows that Leone did nothing to secure for the plaintiff a peaceable entrance upon the premises. The findings of the District Court were findings of fact from which the legal right of the plaintiff flowed. Where there is any evidence to support a finding of fact by a District Court, this court will not reverse the finding of fact on appeal. *Breilbart* v. *Lurich,* 120 *Atl. Rep.* 11 (not officially reported).

The judgment of the District Court is affirmed, with costs.